Melanie M. Blunschi
Direct Dial: 415.395.8129
Melanie.blunschi@lw.com

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Tel: +1.415.391.0600  Fax: +1.415.395.8095
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

# LATHAM & WATKINS LLP

March 11, 2024

**ORAL ARGUMENT SCHEDULED
FOR APRIL 5, 2024**

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA  94119-3939

Re: *Walleye Opportunities Master Fund Ltd. v. Silver Lake Group, L.L.C.* (No. 23-15822)

Dear Ms. Dwyer:

I write on behalf of the BC Partners defendants-appellees in response to the March 5 letter submitted by the plaintiff-appellant. The Eastern District of Michigan's decision in *Shupe v. Rocket Companies, Inc.*, 2024 WL 416377 (E.D. Mich. Feb 5, 2024), is neither controlling nor persuasive.

This non-binding district court decision makes the same mistake as the decision below in this case: The *Shupe* court did not even address the defendant's argument that the plaintiff's and defendant's trades occurred on entirely separate markets, such that there was *no* possibility the plaintiff transacted with the defendant. *See* 2024 WL 416377 at *10. The decision thus fundamentally misunderstood the purposes of the contemporaneous-trading rule. As BC Partners' brief explained (at 57-60), this Court's precedents foreclose use of the contemporaneous-trading rule when, as here, the plaintiff "could not possibly have traded with the insider." *Brody v. Transnt'l Hosps. Corp.*, 280 F.3d 997, 1001 (9th Cir. 2002) (quoting *Neubronner v. Milken*, 6 F.3d 666, 669 (9th Cir. 1993)).

The logic behind those holdings is sound: Because "insider trading does not artificially boost or deflate the market price of a stock aside from typically negligible

supply and demand adjustments," people trading with parties other than the insider are not harmed by any alleged information asymmetry. *In re Seagate Tech. II Sec. Litig.*, 843 F. Supp. 1341, 1369-70 (N.D. Cal. 1994). Plaintiff still has no good answer for this Court's controlling precedent.

The *Shupe* court's holding that the plaintiffs there had Article III standing because Section 20A provides a remedy even when plaintiffs did not "trade directly with defendants" is equally flawed. 2024 WL 416377 at *10. Congress cannot "simply enact an injury into existence." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021). But even if Congress *could have* created a remedy here, the fact remains that it *did not*, as this Court's cases clearly establish. Again, Section 20A requires that there be *some* possibility the plaintiff traded with the defendant. *See supra* at 1. Because there is no such possibility here, the contemporaneous-trading rule has no role to play in this case.

Respectfully submitted,

*/s/ Melanie M. Blunschi*
Melanie M. Blunschi
of LATHAM & WATKINS LLP

*Counsel for Defendants-Appellees BC Partners LLP; Serafina S.A.;BC European Capital VIII; BC European Capital-Intelsat Co-Investment; BC European Capital-Intelsat Co-Investment 1; CIE Management II Limited; LMBO Europe SAS; Raymond Svider; and Justin Bateman*

cc: Counsel of record via CM/ECF