

Wilson Sonsini Goodrich & Rosati
Professional Corporation

650 Page Mill Road
Palo Alto, California 94304-1050

O: 650.493.9300
F: 866.974.7329

March 11, 2024

**BY CM/ECF**

Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

      Re:   *Walleye Opportunities Master Fund Ltd., et al v. Silver Lake Group, L.L.C., et al*, No. 23-15822
            Fed. R. App. P. 28(j) Letter

Dear Ms. Dwyer:

      We write in response to Appellants' submission on the out-of-circuit decision in *Shupe v. Rocket Companies, Inc.*, 2024 WL 416377, *1 (E.D. Mich. Feb. 5, 2024). Because *Shupe* conflicts with binding precedent, it is not persuasive here.

      First, under *TransUnion LLC v. Ramirez*, "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." 594 U.S. 413, 427 (2021). Ninth Circuit law is clear that the harm in an insider trading case arises from "trad[ing] with someone who had an unfair advantage." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). Conversely, "there is a need to filter out plaintiffs"—like those here—"who could not possibly have traded with the insider," and thus were not harmed in their trades with unrelated third parties. *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1002 (9th Cir. 2002). *Shupe*'s contrary ruling that all traders in the relevant market are harmed by purchasing at an "artificially inflated price," 2024 WL 416377, *8, cannot be squared with those precedents.

      Second, *Shupe*'s suggestion that Congress, by passing § 20A of the Securities Exchange Act, could "adopt a more expansive notion of the necessary

. . . causation in insider trading cases," 2024 WL 416377, at *9, is barred by *TransUnion*. "An important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm *because of the defendant's violation of federal law*." 594 U.S. at 426-27 (emphasis added). As *TransUnion* explains, Article III always requires putative plaintiffs to themselves suffer harm from the alleged violation of federal law—regardless of the cause of action enacted by Congress.

Finally, *Shupe* misunderstands the relationship between § 10(b) and § 20A. To bring a § 20A claim, plaintiffs must first plausibly allege a violation of § 10(b). That requires looking at § 10(b) precedent (like *Neubronner*), not Congress's purported intent when passing § 20A. And, as explained above, that precedent bars Appellants' claim.

                                      Respectfully submitted,

By:   */s/ Evan L. Seite*
        NINA F. LOCKER
        EVAN L. SEITE
        *Wilson Sonsini*
        *Goodrich & Rosati, P.C.*
        *650 Page Mill Road*
        *Palo Alto, CA 94304*
        *Tel: (650) 493-9300*
        *eseite@wsgr.com*

        STEFFEN N. JOHNSON
        JOHN B. KENNEY
        *Wilson Sonsini*
        *Goodrich & Rosati, P.C.*
        *1700 K Street NW, Fifth Floor*
        *Washington, DC 20006*
        *Tel: (202) 973-8800*

*Counsel for Defendant-Appellee David McGlade*



CERTIFICATE OF COMPLIANCE

This letter has been prepared using Microsoft Word with a 14-point, proportionally-spaced typeface. This letter complies with the length limit in Federal Rule of Appellate Procedure 28(j) and Ninth Circuit Rule 28-6 because the body of the letter contains 347 words.

By:   */s/ Evan L. Seite*
        Evan L. Seite